**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LOUIS CARTER, III, INDIVIDUALLY** | § | |
| **AND ON BEHALF OF OTHERS** | § | |
| **SIMILARLY SITUATED** | § | **CASE NO. 2:23-cv-00949-CJB-DPC** |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **JUDGE CARL J. BARBIER – SEC. J** |
| | § | |
| **MCCLENNY, MOSELEY &** | § | |
| **ASSOCIATES, PLLC; JAMES** | § | |
| **MCCLENNY; JOHN ZACHARY** | § | |
| **MOSELEY; H. WILLIAM HUYE;** | § | **MAGISTRATE JUDGE DONNA** |
| **TORT NETWORK, LLC; AND APEX** | § | **PHILLIPS CURRAULT – DIV. 2** |
| **ROOFING AND RESTORATION, LLC** | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS ALL CLAIMS AGAINST**
**TORT NETWORK LLC d/b/a VELAWCITY**

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... I

TABLE OF AUTHORITIES ............................................................................................... II

I.    INTRODUCTION ......................................................................................................... 1

II.   12(B)(1) MOTION TO DISMISS ............................................................................... 2

  A.  LEGAL STANDARD FOR ARTICLE III STANDING. ................................................. 2

  B.  PLAINTIFF'S CLAIMS AGAINST VELAWCITY SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING. ..................................................................................................... 3

    i.   *Plaintiff fails to plead an injury in fact.* ........................................................... 3

    ii.  *Plaintiff fails to plead a causal connection between any alleged injury and conduct by Velawcity.* ..................................................................................................... 6

    iii.  *Plaintiff fails to plead facts showing that it is likely the injury will be redressed by a favorable decision.* ......................................................................................... 6

    iv.  *Plaintiff lacks Standing to Seek Injunctive Relief against Velawcity because Plaintiff fails to plead a likelihood of substantial and immediate irreparable injury.* ............... 7

  C.  PLAINTIFF'S TEXAS LAW CLAIMS SHOULD BE DISMISSED FOR THE INDEPENDENT REASON THAT PLAINTIFF LACKS STANDING TO BRING CLAIMS UNDER THE LAWS OF ANY STATE OTHER THAN LOUISIANA. ................................................................................................. 9

III.  12(B)(6) MOTION TO DISMISS. ........................................................................... 10

  A.  12(B)(6) STANDARD FOR DISMISSAL ................................................................. 11

  B.  THE COMPLAINT DOES NOT ALLEGE FACTS SUPPORTING THAT VELAWCITY ENGAGED IN THE "UNAUTHORIZED PRACTICE OF LAW" AS DEFINED BY THE LOUISIANA SUPREME COURT. ... 11

  C.  PLAINTIFF FAILS TO PLEAD A CLAIM UNDER GENERAL TORT LAW AGAINST VELAWCITY. 13

  D.  PLAINTIFF FAILS TO PLEAD A CLAIM UNDER THE TEXAS DECEPTIVE TRADE PRACTICES ACT AGAINST VELAWCITY. ......................................................................................... 14

IV.  CONCLUSION ........................................................................................................ 17

TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Amstadt v. U.S. Brass Corp.*,
　919 S.W.2d 644 (Tex. 1996) .................................................................................15

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................11

*Bell Atl. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................11

*Bradix v. Advance Stores Co.*,
　No. 16-4902, 2016 U.S. Dist. LEXIS 87368 (E.D. La. July 5, 2016) ..................3, 6

*Brittan Commc'ns. Int'l Corp. v. Sw. Bell Tel. Co.*,
　177 F. Supp. 2d 580 (S.D. Tex. 2001), aff'd, 313 F.3d 899 (5th Cir. 2002) ...........15

*Brotherhood of Locomotive Engineers v. Jones*,
　No. 92-2868 Sec. H, 1992 U.S. Dist. LEXIS 18341 (E.D. La. Dec. 1, 1992) .........7

*Chastain v. Koonce*,
　700 S.W.2d 579 (Tex. 1985) ...............................................................................15

*Clapper v. Amnesty Int'l USA*,
　568 U.S. 398 (2013) ...........................................................................................3, 4

*Collins v. Morgan Stanley Dean Witter*,
　224 F.3d 496 (5th Cir. 2000) ...............................................................................11

*In re Crawford*,
　06-2385 (La. 11/9/06); 943 So. 2d 331, 333 ........................................................12

*Daves v. Dallas Cnty.*,
　22 F.4th 522 (5th Cir. 2022) .................................................................................3

*Franatovitch v. Allied Trust Insurance Company*,
　No. 22-2252 (W.D. La. March 3, 2023) ...............................................................8

*Frith v. Guardian Life Ins. Co.*,
　9 F. Supp. 2d 734 (S.D. Tex. 1998) ......................................................................16

*Funeral Consumer Alliance, Inc. v. Serv. Corp. Int'l*,
　695 F.3d 330 (5th Cir. 2012) ...............................................................................7

Page(s)

<u>**Cases**</u>

*In re Galectin Therapeutics, Inc. Sec. Litig.*,
   843 F.3d 1257 (11th Cir. 2016) ..........................................................................17

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
   834 F. Supp. 2d 566 (S.D. Tex. 2011) ..................................................................16

*Hickham v. Douglas*,
   No. 96-1255 Section "D" (1), 1996 U.S. Dist. LEXIS 17294 (E.D. La. Nov. 20, 1996)........11

*Home Builders Ass'n of Miss., Inc. v. City of Madison*,
   143 F.3d 1006 (5th Cir. 1998) .............................................................................2

*In re HSBC Bank, USA, N.A.*,
   1 F. Supp. 3d 34 (E.D.N.Y. 2014) ..................................................................9, 10

*Klaxon Co. v. Stentor Electric Mfg. Co.*,
   313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941) ..........................................15

*Los Angeles v. Lyons*,
   461 U.S. 95 (1983)..........................................................................................7, 9

*Louisiana State Bar Ass'n v. Edwins*,
   540 So. 2d 294 (La. 1989) ............................................................................12, 13

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992).........................................................................................2, 3

*Mahon v. Ticor Title Ins.*,
   683 F.3d 59 (2d Cir. 2012)..................................................................................10

*In Re: McClenny, Moseley & Assocs. PLLC*,
   No. 22-cv-04277-JDC-KK (W.D. La. Mar. 4, 2023) ..........................................8, 9

*Meade v. Bonin*,
   No. 20-1455, 2021 U.S. Dist. LEXIS 171833 (E.D. La. Sep. 10, 2021) ................11

*Meunier v. Bernich*,
   170 So. 567 (La. Ct. App. 1936).........................................................................12

*In re Oil Spill by the Oil Rig "Deepwater Horizon"*,
   No. MDL 2179, 2021 U.S. Dist. LEXIS 117912 (E.D. La. June 24, 2021) ............11

*Patel v. Holiday Hospitality Franchising, Inc.*,
   172 F. Supp. 2d 821 (N.D. Tex. 2001) ...............................................................16

iii

**Page(s)**

**<u>Cases</u>**

*Penn-America Ins. Co. v. Zertuche*,
  770 F. Supp. 2d 832 (W.D. Tex. 2011)................................................................16

*Pisarello v. Adm'r's Serv. Corp.*,
  464 So. 2d 917 (La. App. 4 Cir.), cert. denied, 466 So. 2d 473 (La. 1985).............14

*In re Processed Egg Prods. Antitrust Litig.*,
  836 F. Supp. 2d 290 (E.D. Pa. 2011) ...................................................................15

*Richard v. Flowers Foods, Inc.*,
  No. 15-02557, 2016 U.S. Dist. LEXIS 153446 (W.D. La. Oct. 13, 2016).................2, 4, 6, 14

*In Re Richard William Huye III*,
  No. 2023-B-0277 (La. 3/3/2023) .........................................................................9

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016).......................................................................................3, 4

*In re Taxable Mun. Bonds Litig.*,
  1993 U.S. Dist. LEXIS 10997, 1993 WL 302619 (E.D. La. Aug. 2, 1993) .............4

*Tel-Phonic Servs., Inc. v. TBS Inter., Inc.*,
  975 F.2d 1134 (5th Cir. 1992) .............................................................................16

*TransUnion, LLC v. Ramirez*,
  141 S. Ct. 2190 (2021)........................................................................................2, 4, 5

*Walton Const. Co., L.L.C. v. G.M. Horne & Co., Inc.*,
  2007-0145, p. 12 (La. App. 1st Cir. 2/20/08); 984 So.2d 827, 833 .........................13

*Whitmore v. Arkansas*,
  110 S. Ct. 1717 (1990)........................................................................................7

**Statutes**

Louisiana Civil Code article 2315 ...........................................................................1, 2, 13, 14

Louisiana Revised Statutes § 37:213 .......................................................................11

Louisiana Revised Statutes § 37:213.1 ....................................................................12

Tex. Bus. & Com. Code §§ 17.41 *et seq.*.................................................................1, 14, 15

Texas Deceptive Trade Practices Act ....................................................................... *passim*

**Page(s)**

**Other Authorities**

Federal Rules of Civil Procedure 9(b) ....................................................................16, 17

Federal Rule of Civil Procedure 12(b)(1) ...........................................................1, 3, 17

Federal Rules of Civil Procedure Rule 12(b)(6) ...............................................2, 11, 17

U.S. Const. Art. I, § 8, cl. 3 ....................................................................................15

U.S. Const. Art. III, § 2 ....................................................................................... *passim*

Defendant Tort Network LLC d/b/a Velawcity, ("Defendant" or "Velawcity"), by and through its attorneys, Dykema Gossett, PLLC, files its Motion for Dismissal of Claims against Velawcity pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure with respect to the Petition filed by Plaintiff Louis Carter, III ("Carter" or "Plaintiff") for the following reasons.

## I.   INTRODUCTION

The Court should dismiss Plaintiff Louis Carter, III's claims against Velawcity pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  Plaintiff's Complaint fails to meet the three-prong standing requirements of (a) injury in fact, (b) causal nexus, or (c) redressability.  Plaintiff's Complaint makes only vague allegations regarding Velawcity's general business dealings, untethered to any allegation of interaction with the named plaintiff Louis Carter.  The Complaint is silent as to whether Mr. Carter suffered any type of economic harm stemming from any act by Velawcity that would be redressable by any cause of action he alleges.  Plaintiff's claim for injunctive relief also fails to satisfy the injury-in-fact requirement because he alleges no harm attributable to Velawcity that is either imminent or likely to occur at any point in the future.  Plaintiff additionally lacks standing to assert claims under the Texas Deceptive Trade Practices Act because Plaintiff, a Louisiana resident who claims to have been subject to tortious conduct in Louisiana, has never been subjected to and harm or injury associated with Velawcity or in that state and alleges no basis for application of Texas law. *See* TEX. BUS. & COM. CODE §§ 17.41 *et seq*.  Plaintiff's claims against Velawcity should be dismissed for lack of subject matter jurisdiction.

Alternatively, Plaintiff has failed to plead sufficient facts to state a claim for any of the causes of action he has asserted against Velawcity.  Plaintiff asserts claims against Velawcity under Louisiana statutes for the unauthorized practice of law; Louisiana Civil Code article 2315 for

1

general tort liability; and the Texas Deceptive Trade Practices Act ("DTPA").  But the conduct

alleged does not rise to the practice of law; Plaintiff has not pleaded duty, breach or damages under

article 2315 that would give rise to any claim for relief to himself; and there is no basis alleged in

the pleading that could support application of the Texas DTPA.  Plaintiff alleges no colorable

claim on which he might plausibly collect money damages and no basis on which injunctive relief

would be proper to remediate any future harm to himself.  This Court therefore should dismiss the

claims against Velawcity for failure to state a claim upon which relief can be granted pursuant to

Rule 12(b)(6).

## II.        12(B)(1) MOTION TO DISMISS

### A.    LEGAL STANDARD FOR ARTICLE III STANDING.

Article III of the U.S. Constitution limits the federal courts' jurisdiction to "cases" and

"controversies." U.S. CONST. ART. III, § 2. "Standing is an essential and unchanging part of the

case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

(1992). "A case is properly dismissed for lack of subject matter jurisdiction when [a federal] court

lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss.,

Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted). "As the

party invoking federal jurisdiction, the plaintiff[] bear[s] the burden of demonstrating . . .

standing." *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021). A plaintiff's burden is to

establish Article III standing against each defendant. *See Richard v. Flowers Foods, Inc.*, No. 15-

02557, 2016 U.S. Dist. LEXIS 153446, at *10 (W.D. La. Oct. 13, 2016). To carry that burden, a

plaintiff must demonstrate standing "with the manner and degree of evidence required at the

successive stages of the litigation," including at the pleading stage. *Lujan*, 504 U.S. at 561.

To have standing under Article III, a plaintiff must satisfy a three-prong showing: (1)

injury-in-fact; (2) a traceable causal connection between the injury and the conduct complained

2

of; and (3) that it is likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision." *Lujan*, 504 U.S. at 561.

"The first prong" of the plaintiff's burden, focuses on whether the plaintiff suffered harm, the second focuses on who inflicted that harm, and the third focuses on whether a favorable decision will likely alleviate that harm." *Bradix v. Advance Stores Co.*, No. 16-4902, 2016 U.S. Dist. LEXIS 87368, at *5-8 (E.D. La. July 5, 2016) (citing *Lujan*, 504 U.S. at 560-61). "Although all three elements are required for Article III standing, the injury-in-fact element is often determinative." *Id*. at *7-8 (citing *Toll Bros. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009) and *Green v. eBay*, No. 14-1688, 2015 U.S. Dist. LEXIS 58047, 2015 WL 2066531 at *3 (E.D. La. May 4, 2015)).

In the class action context, "for each named defendant, at least one named plaintiff must have standing to sue." *Daves v. Dallas Cnty.*, 22 F.4th 522, 542 (5th Cir. 2022) (citing *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017) and *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 159 (2d Cir. 2012)).

**B.    PLAINTIFF'S CLAIMS AGAINST VELAWCITY SHOULD BE DISMISSED FOR LACK OF ARTICLE III STANDING.**

Plaintiff has failed to carry his burden as to each of the three elements of standing, and each failure independently justifies dismissal under Rule 12(b)(1).

*i.    Plaintiff fails to plead an injury in fact.*

To plead injury-in-fact, Plaintiff must plead an injury that is concrete, particularized, and actual or imminent, not merely conjectural or hypothetical. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560 n.1). As for concreteness, "[a] concrete injury must be de

facto; that is, it must actually exist." *Id.* (internal citations and quotation marks omitted). In other words, it must be "real, and not abstract." *Id.* (internal citations and quotation marks omitted). Because an injury-in-fact cannot be conjectural or hypothetical, mere "[a]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409. Finally, in the class action context, "the ***named plaintiffs*** … must meet ***every element of standing*** as to each defendant, including that they were ***injured by each defendant named in the suit***." *Richard*, 2016 U.S. Dist. LEXIS 153446, at *10 (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F. Supp. 2d 851, 856 (E.D. La. 2008) and *In re Taxable Mun. Bonds Litig.*, 1993 U.S. Dist. LEXIS 10997, 1993 WL 302619, at *3 (E.D. La. Aug. 2, 1993) ("It is settled law that a single plaintiff lacks standing to assert class claims against defendants with whom the plaintiff has not dealt, even though unnamed individuals that the plaintiff seeks to represent may have direct claims against those defendants.") Thus, to establish standing, Plaintiff must point to a legally redressable injury that Defendant Velawcity caused to Plaintiff Carter personally, not an injury that Velawcity caused to a putative class member.

Here, the Complaint does not allege that Plaintiff has suffered any actual injury—like a loss of money or loss of the ability to bring a claim due to prescription—as a result of any conduct by Velawcity. Indeed, the Complaint does not even allege that the Plaintiff actually interacted with Velawcity. Even if Velawcity had contacted Mr. Carter, Plaintiff fails to allege that such contact caused even a hypothetical injury. Because a plaintiff must have already suffered an injury-in-fact to have Article III standing in a case for damages, Plaintiff's claims against Velawcity should be dismissed.

Plaintiff has also failed to allege any risk of future harm that can confer standing. In *TransUnion*, the Supreme Court clarified the standard that a plaintiff must meet when seeking to

establish standing based on a potential future injury. *See* 141 S. Ct. 2190, 2210 (2021).  In assessing whether a risk of future harm might constitute an injury-in-fact under Article III, the Supreme Court distinguished between claims seeking injunctive relief and claims seeking monetary damages, finding that in a suit for damages, the mere risk of future harm, without more, cannot qualify as a concrete harm sufficient to establish standing. *Id.* at 2211. Instead, the Supreme Court held that a plaintiff must show that the harm actually materialized. *Id.*

In reaching its conclusion, the Supreme Court likened the statutory violation underlying the TransUnion plaintiffs' claimed injuries to the common law tort of defamation and explained that "there is 'no historical or common-law analog where the mere existence of inaccurate information, absent dissemination, amounts to concrete injury.'" *Id.* at 2209 (quoting *Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 879 F.3d 339, 344 (D.C. Cir. 2018)). In rejecting the argument that the risk of some future disclosure of a credit report could serve as a concrete harm constituting an injury-in-fact satisfying Article III, the Supreme Court agreed with the argument the Court in *TransUnion* advanced:

> [I]f an individual is exposed to a risk of future harm, time will eventually reveal whether the risk materializes in the form of actual harm. If the risk of future harm materializes and the individual suffers a concrete harm, then the harm itself, and not the pre-existing risk, will constitute a basis for the person's injury and for damages. If the risk of future harm does not materialize, then the individual cannot establish a concrete harm sufficient for standing[.]

*TransUnion*, 141 S. Ct. at 2211 (emphasis in original). Similarly, in this case, Plaintiff has alleged that:

> [i]n addition to monies owed to the [unnamed or unidentified] class members that have been improperly obtained by Defendants, the Defendants' conduct in perpetrating these schemes has prevented [unnamed/unidentified] class members from making repairs to their homes, causing them anxiety and other emotional distress that cannot be adequately compensated by money, and ***may*** have even led to members of the class losing their causes of action through prescription. Defendants' conduct has also led to members of the class experiencing higher

premiums from their insurance companies or being dropped by their insurance companies altogether.

Compl. at ¶136 (emphasis added). But Plaintiff's allegations refer to injuries of class members generally without any allegations of concrete injury to the named Plaintiff, whether associated with a claim for monetary or injunctive relief. This vague allegation is insufficient to plead an injury-in-fact. This inadequacy alone is fatal to Plaintiff's claims, but Plaintiff has also failed to satisfy the causal nexus requirement.

### ii.    *Plaintiff fails to plead a causal connection between any alleged injury and conduct by Velawcity.*

Plaintiff has failed to allege any causal connection between his alleged injuries and any action by Velawcity. As discussed, it is not even alleged that Velawcity had any contact with Plaintiff. To the extent Plaintiff alleges contact between putative class members and Velawcity, that is not enough to confer Article III standing as to Velawcity—rather, Plaintiff must meet each prong of the standing test as to each Defendant. *See Richard*, 2016 U.S. Dist. LEXIS 153446, at *10. Here, there simply is no showing of a "case and controversy" between Plaintiff and Defendant Velawcity. This deficiency alone is fatal to Article III standing, but Plaintiff has also failed to plead redressability.

### iii.    *Plaintiff fails to plead facts showing that it is likely the injury will be redressed by a favorable decision.*

While he seeks money damages, Plaintiff has not pleaded an injury-in-fact, thus it follows that there is no injury that the Court could redress. This is precisely why "the injury-in-fact element is often determinative" of Article III standing. *Bradix*, 2016 U.S. Dist. LEXIS, at *7-8. Without an injury-in-fact, there can be no redress.

      ***iv.***   ***Plaintiff lacks Standing to Seek Injunctive Relief against Velawcity because Plaintiff fails to plead a likelihood of substantial and immediate irreparable injury.***

Furthermore, Plaintiff lacks standing to seek the injunctive relief against Velawcity that is requested in the Complaint. Compl. at ¶¶130–43. To have standing to sue for injunctive relief, in addition to meeting the normal requirements of Article III standing, a party must "demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Funeral Consumer Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 342 (5th Cir. 2012). A federal court plaintiff does not have standing to obtain injunctive relief unless he shows a "real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)). A conjectural or hypothetical threat of future injury is not enough. *See Whitmore v. Arkansas*, 110 S. Ct. 1717, 1723 (1990). A reasonable showing of a "sufficient likelihood" that the plaintiff will again be injured is necessary. *Lyons*, 461 U.S. at 111.

To establish an actual controversy in this case warranting injunctive relief, Plaintiff would have had to allege not only that Velawcity's actions injured him, but also that there is a "sufficient likelihood" that he would be injured by Velawcity's actions in the future.

In *Brotherhood of Locomotive Engineers v. Jones*, No. 92-2868 Sec. H, 1992 U.S. Dist. LEXIS 18341, at *1–2 (E.D. La. Dec. 1, 1992), a railroad engineer asserted a claim for injunctive and declaratory relief against two deputies as a result of their conduct in investigating a fatal, grade-crossing accident involving the train he had been operating. According to his complaint, the engineer was compelled to submit to a breathalyzer test even though there did not exist specific cause to believe that the engineer was impaired. *Id*. In addition to claims for monetary relief, the complaint sought a judgment declaring that the federal railroad safety regulations preempt state law and prohibit local law enforcement officers from conducting alcohol and drug testing of

railroad workers except as mandated and authorized in said regulations, and the issuance of a preliminary and permanent injunction prohibiting the deputies from conducting alcohol and drug testing of railroad employees in the future, except as permitted under the regulations. *Id*. at *12–13.

Judge Duplantier ruled that the engineer had no standing to seek prospective relief and dismissed his claims for injunctive and declaratory relief, reasoning as follows:

> Like Lyons, Williams cannot establish a real and immediate threat that he would again be tested under these circumstances. To be entitled to prospective relief, he must again be involved in a train collision involving multiple fatalities in Tangipahoa Parish, which is investigated by the local sheriff's department, and in which the officers decide to test Williams without the presence of additional factors indicating impairment. The risk posed by the occurrence of these events is too speculative.

*Id*. at *4.

Here, Plaintiff fails even to allege a legally cognizable threat of future harm.  Surely it is no secret that MMA has been sanctioned by two federal magistrates, has seen a partner suspended temporarily from the practice of law, has been the subject of a Cease-and-Desist Order by the Louisiana Insurance Commissioner, and has been referred to the Eastern and Western Districts of Louisiana for further discipline as a result of the underlying conduct alleged by Plaintiff. Compl. ¶¶ 89, 94; *see also* Memorandum Order, *In Re: McClenny, Moseley & Assocs. PLLC*, No. 22-cv-04277-JDC-KK (W.D. La. Mar. 4, 2023), https://www.propertyinsurancecoveragelaw.com/files/2023/03/FILE_2097.pdf.  Well before the filing of this putative lawsuit, counsel for MMA publicly informed Judge North in one of the underlying proceedings that MMA and Velawcity have discontinued their business in Louisiana as it relates to the conduct alleged by Plaintiff in this action.  *See* Transcript of March 3, 2023 Hearing in *Franatovitch v. Allied Trust Insurance Company*, No. 22-2252 (W.D. La. March 3, 2023), a true-and-correct copy attached hereto as Exhibit "A."

Defendant William Huye, one of two MMA attorneys admitted in Louisiana, has been suspended from the practice of law on an interim basis, "pending further orders" of the Louisiana Supreme Court.   Order, *In Re Richard William Huye III*, No. 2023-B-0277 (La. 3/3/2023), https://www.ladb.org/DR/?tab=SC&DocID=9934#. The MMA firm no longer lists any Louisiana attorneys on its website. *See Our Team*, MCCLENNY, MOSELEY & ASSOCS., (last visited March 31, 2023), mma-pllc.com/our-team. The past and potential future sanctions and disciplinary orders against the MMA firm, coupled with the discontinuance of MMA's business dealings with Velawcity in Louisiana, make it extremely unlikely that Plaintiff will be subject to any future harm due to any conduct by Velawcity.   Certainly, plaintiff has presented no pleading allegation to the contrary.   In short, the alleged activity set forth in the Complaint has already been addressed and ended. The threat of injury the Complaint implicates is conjectural or hypothetical at best. Plaintiff has failed to meet the burden of proof imposed on him under the law of showing the likelihood of future recurrence of the kind complained of.

Plaintiff's Complaint not only fails to plead that Mr. Carter was subject to tortious activity committed by Velawcity, but it also fails to make a "credible assertion" that conduct creating a legally cognizable injury is likely to happen in the future. *See Lyons*, 461 U.S. at 105–06.  Plaintiff cannot establish Article III standing to seek injunctive relief against Velawcity.

### C.   PLAINTIFF'S TEXAS LAW CLAIMS SHOULD BE DISMISSED FOR THE INDEPENDENT REASON THAT PLAINTIFF LACKS STANDING TO BRING CLAIMS UNDER THE LAWS OF ANY STATE OTHER THAN LOUISIANA.

Plaintiff fails to justify invoking Texas law in lieu of that of Louisiana, the state in which he resides, owns property, and was allegedly subject to tortious conduct. (Compl. ¶¶1, 10). In *In re HSBC Bank, USA, N.A.,* 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014), two named plaintiffs—who either resided in or had significant connections to New York and California—asserted state law claims under the consumer protection and unfair trade practices acts of a dozen other states in

which the plaintiffs had never lived or resided. In considering the standing of the named plaintiffs, the court held that "Plaintiffs may only assert a state claim if a named plaintiff resides in, does business in, or has some other connection to that state." *Id*. at 49 (citing *Simington v. Lease Fin. Grp., LLC*, No. 10 Civ. 6052, 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012)). The *HSBC* court found persuasive "the numerous cases holding that named plaintiffs lack standing to bring claims on behalf of a class under the laws of states where the named plaintiffs have never lived or resided." *Id.* (citing cases). Based on these authorities, the HSBC court held that the plaintiffs lacked standing to bring claims under state laws to which they had "not been subjected—that is, those states aside from California and New York." *Id.*

Here, as in *HSBC*, Plaintiff has not alleged any connection with any state other than Louisiana and therefore lacks standing to bring his Texas DTPA claim. "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Mahon v. Ticor Title Ins*., 683 F.3d 59, 64 (2d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Accordingly, particularly Plaintiff's claim under the Texas DTPA should be dismissed for lack of standing.

## III.    12(B)(6) MOTION TO DISMISS

Velawcity additionally requests this Court dismiss all of Plaintiff's claims against it for failure to state a claim. Plaintiff has failed to plead (a) tortious conduct by Velawcity; (b) any injury resulting from tortious conduct by Velawcity; or (c) any injury the law would recognize with damages or other remedy. Plaintiff is merely seeking to add his voice, after the fact, to the important judicial management issues that have been addressed to date and, if anything, dilute their effect, by appending a groundless demand for money damages.  In so doing, Plaintiff here has "not

10

nudged [his] claims [against Velawcity] across the line from conceivable to plausible." *Bell Atl.*

*v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff's claims against Velawcity warrant dismissal.

### A.    12(B)(6) STANDARD FOR DISMISSAL

Rule 12(b)(6) authorizes dismissal of an action if the plaintiff has failed to state a claim

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 555. In ruling on

a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of the plaintiff's

complaint and draw all reasonable inferences in plaintiff's favor. *Meade v. Bonin*, No. 20-1455,

2021 U.S. Dist. LEXIS 171833, at *4 (E.D. La. Sep. 10, 2021) (citing *Lormand v. U.S. Unwired,*

*Inc.*, 565 F.3d 228, 232 (5th Cir. 2009)). But the plaintiff must plead specific facts, and the Court

"will not accept as true conclusory allegations or unwarranted deductions of fact." *Collins v.*

*Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Moreover, "conclusory

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a

motion to dismiss." *In re Oil Spill by the Oil Rig "Deepwater Horizon"*, No. MDL 2179, 2021

U.S. Dist. LEXIS 117912, at *6 (E.D. La. June 24, 2021) (quoting *Taylor v. Books A Million, Inc.*,

296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks omitted)); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009) (allegations that are "no more than conclusions are not entitled to the

assumption of truth").  Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must

include more than mere "labels and conclusions." *Twombly*, 550 U.S. at 555.

For the following reasons, each of the individual causes of action against Velawcity fails

to state a claim under which relief can be granted.

### B.    THE COMPLAINT DOES NOT ALLEGE FACTS SUPPORTING THAT VELAWCITY ENGAGED IN THE "UNAUTHORIZED PRACTICE OF LAW" AS DEFINED BY THE LOUISIANA SUPREME COURT.

Louisiana Revised Statutes  § 37:213 does not provide a private cause of action.  LA. REV.

STAT. § 37:213; *Hickham v. Douglas*, No. 96-1255 Section "D" (1), 1996 U.S. Dist. LEXIS 17294,

at *1–2 (E.D. La. Nov. 20, 1996).  Further, Plaintiff's allegations do not support a civil action for

the unauthorized practice of law under Louisiana Revised Statutes  § 37:213.1.  It is well-settled

that the Louisiana Supreme Court has the inherent authority to define what constitutes the practice

of law. *In re Crawford*, 06-2385 (La. 11/9/06); 943 So. 2d 331, 333. Thus, "the Legislature may

enact statutes in aid of the inherent power of the court to regulate the practice of law . . . but in no

event is the Legislature empowered to encroach upon or frustrate the power invested in the courts"

to define the practice of law. *Meunier v. Bernich*, 170 So. 567, 573–74 (La. Ct. App. 1936).

Accordingly, Louisiana Revised Statutes § 37:212 *et seq.* is "persuasive, but not binding" authority

when defining the unauthorized practice of law. *Louisiana State Bar Ass'n v. Edwins*, 540 So. 2d

294, 300 (La. 1989). To that end, the Louisiana Supreme Court expressly defines what constitutes

the "practice of law" as the "rendition of services for others ***that call for the professional judgment***

***of a lawyer***. The essence of the professional judgment of the lawyer is his educated ability to relate

the general body and philosophy of law to a specific legal problem of a client." *Id*. at 299 (emphasis

added).

     The Complaint does not allege that Velawcity ever exercised the "professional judgment

of a lawyer"; in fact, Plaintiff's allegations actually belie any such conclusion.  The Complaint

alleges that Velawcity:

> (1) communicated with the unidentified class members via text, email, and phone
> calls, and these communications contained a link to a form to be filled out (Compl.
> at ¶¶61–62, 69, 75, & 77); and
>
> (2) sent "these communications. . . at the direction of or for the benefit of, William
> McClenny and John Zachary Moseley, principals of MMA, and H. William Huye,
> managing partner of MMA's Louisiana office" (*Id*. at ¶64);  and
>
> (3) operated a call center (*Id*. a ¶66); and (4) "encouraged individuals to click on
> the link" (*Id*. at ¶71).

None of this alleged conduct involves the professional judgment of an attorney—these acts constitute ministerial tasks routinely performed by non-lawyers within or on behalf of lawyers and law firms of all sizes throughout the country. Indeed, the Louisiana Supreme Court has explicitly recognized that such tasks may be delegated to non-lawyers. *Edwins*, 540 So. 2d at 300 (holding that an attorney can delegate the vast majority of tasks to non-lawyers with an attorney's supervision; but prohibiting attorneys from delegating court appearances or the exercise of their professional judgment to non-lawyers).

Plaintiff's allegations, even if true, do not support the conclusion that Velawcity has engaged in the unauthorized practice of law.

### C.   PLAINTIFF FAILS TO PLEAD A CLAIM UNDER GENERAL TORT LAW AGAINST VELAWCITY.

Additionally, Plaintiff's allegations fail to plead a claim under Louisiana Civil Code article 2315 against Velawcity.   To state a tort claim in Louisiana, a plaintiff must show, "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to the plaintiff, (3) the requisite duty was breached by the defendants, and (4) the risk of harm was within the scope of protection afforded by the duty breached." *Walton Const. Co., L.L.C. v. G.M. Horne & Co., Inc.*, 2007-0145, p. 12 (La. App. 1st Cir. 2/20/08); 984 So.2d 827, 833.

As previously noted, the Complaint fails to identify (or even allege) any harm that Velawcity caused to the Plaintiff.  The Complaint also fails to allege any actual, causal connection of harm between Plaintiff and Velawcity at all.  In fact, it does not even allege any contact or association between himself and Velawcity.  Therefore, Plaintiff has failed to plead any facts to support the first element of the claim and the claim should be dismissed.

Next, the second element of a tort claim is that a "defendant owed a duty of care ***to the plaintiff***" *Id.* (emphasis added). Plaintiff fails to allege any connection between Plaintiff and

Velawcity and thus there can also be no duty of care. *See, e.g., Pisarello v. Adm'r's Serv. Corp.*, 464 So. 2d 917, 919 (La. App. 4 Cir.), cert. denied, 466 So. 2d 473 (La. 1985) (holding a collection agency that is not authorized to practice law has no duty to counsel a business professional on the prescription period for the accounts that the collection agency handled).    As such, based on Plaintiff's failure to allege either a duty or a breach of that duty **to the Plaintiff**, the article 2315 claim against Velawcity must be dismissed. Extending a duty to Velawcity for alleged violations of the insurance code and deceptive trade practices (none of which Plaintiff here personally pled against Velawcity) is beyond the duty contemplated by Article 2315. *See* La. C.C. art. 2315.

As noted, Plaintiff cannot pursue a claim on behalf of absent putative class members. *See, e.g., Richard,* 2016 U.S. Dist. LEXIS 153446, at *9.  Nevertheless, even if the other unidentified class members had received communications from Velawcity, a class were certified, and any of these hypothetical class members opted to join, the claim would still fail to plead what harm these communications had or could potentially have that Velawcity could be liable for. And, if such harm existed as to the unidentified class members, Plaintiff's inability to articulate any like injury to himself would render him an inadequate class representative and further preclude him from seeking relief on his own behalf.

Additionally, even assuming some duty exists, Plaintiff and the hypothetical class members fail to plead any injuries that Velawcity is the legal cause or cause-in-fact of such.  In sum, the Complaint does not state a claim against Velawcity based on liability under general tort law.

### D.   PLAINTIFF FAILS TO PLEAD A VIABLE CLAIM UNDER THE TEXAS DECEPTIVE TRADE PRACTICES ACT AGAINST VELAWCITY.

Plaintiff fails to plead a plausible Texas Deceptive Trade Practices Act ("DTPA") claim against Velawcity for several reasons. *See* TEX. BUS. & COM. CODE § 17.41 *et seq*.  First, Plaintiff has pleaded no facts that support applying Texas law to his claim against Velawcity.  Plaintiff

14

complains of actions that took place in Louisiana and allegedly affected him there.  Velawcity is

based in Arizona and Plaintiff's theory of liability (apparently) is that it is liable for contacting

(other) Louisiana residents on behalf of the lawyers that employed it in connection with insurance

claims in Louisiana.   There is no basis for applying Texas law or the DTPA to this dispute.  *Klaxon

Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941).

 Second, Plaintiff's Texas DTPA Fails under the dormant Commerce Clause because there

has been no allegation of Texas intrastate injury. *See* U.S. CONST. ART. I, § 8, cl. 3. Plaintiff

purports to allege an injury in Louisiana (although, as discussed herein, he does so inadequately).

Plaintiff does not even purport to have sustained an injury outside of Louisiana. Where, as here, a

plaintiff makes a state law claim without an allegation of significant impact on intrastate

commerce, the state law claims fail under the dormant Commerce Clause. *See In re Processed Egg

Prods. Antitrust Litig.*, 836 F. Supp. 2d 290, 297 (E.D. Pa. 2011) (failure to satisfy the dormant

Commerce Clause may be a defense to state antitrust claims based on wholly out-of-state

transactions).

 Third, only a "consumer" can bring suit under the DTPA.  TEX. BUS. & COM. CODE §

17.45(4), 17.50.  A "consumer" is someone who seeks or acquires goods or services by purchase

or lease, and those goods or services must form the basis of the complaint. *Chastain v. Koonce*,

700 S.W.2d 579, 581 (Tex. 1985). A business's conduct is not actionable under the DTPA unless

it occurs "in connection with" a consumer transaction. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d

644, 649 (Tex. 1996); *see also Brittan Commc'ns. Int'l Corp. v. Sw. Bell Tel. Co.*, 177 F. Supp. 2d

580, 589 (S.D. Tex. 2001), aff'd, 313 F.3d 899 (5th Cir. 2002) (DTPA claim failed where

defendant's representations were not communicated to plaintiff.)

Here, Plaintiff does not allege that he had any contact with Velawcity that would implicate the Texas DTPA.  He does not even allege that he was a consumer with respect to Velawcity. Velawcity had a contract with and provided services to MMA.  It is not alleged to have provided goods or services to Plaintiff.  Nor does Plaintiff claim to have sought goods or services from Velawcity.  The unnamed putative class members that allegedly did receive communications from Velawcity never purchased or leased anything from Velawcity.  Therefore, Plaintiff is not a consumer as to Velawcity and cannot bring a claim under the DTPA.

Fourth, alleged misrepresentations and omissions are not actionable under the DTPA absent reliance by Plaintiff.  *See, e.g., In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig*., 834 F. Supp. 2d 566, 607 (S.D. Tex. 2011) (dismissing DTPA claim for failure to sufficiently allege reliance); *see also Penn-America Ins. Co. v. Zertuche*, 770 F. Supp. 2d 832, 840 (W.D. Tex. 2011). The Complaint fails to allege that Plaintiff relied on any alleged misrepresentations or omissions allegedly made by Velawcity and thus it should be dismissed.

Lastly, Plaintiff's DTPA claims are insufficiently pleaded pursuant to the heightened pleading standard of Rule 9(b), to which DTPA claims are subject. *See, e.g., Patel v. Holiday Hospitality Franchising, Inc.*, 172 F. Supp. 2d 821, 82–25 (N.D. Tex. 2001) ("[C]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)"); *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 742–43 (S.D. Tex. 1998) (same). "At a minimum, Rule 9(b) requires allegations of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Inter., Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (citation omitted).

Here, Plaintiff generally asserts that Defendants deceived him. But Rule 9(b) requires a Plaintiff to allege "precisely what statements or omissions were made in which documents or oral

representations," "the time and place of each such statement," "the person responsible for making (or, in the case of omissions, not making) them," and more. *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 (11th Cir. 2016). Plaintiff does not plead "who, what, when, where, and how" as required by Rule 9(b).

For each of these reasons, Plaintiff has failed to state a claim under the DTPA.

## IV.   CONCLUSION

For all the foregoing reasons, Defendant Velawcity respectfully requests that Plaintiff's claims against Velawcity in the Complaint be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

*/s/ Clay A. Cossé*
David Schenck, T.A.
TX Bar No. 17736870 (*pro hac vice being sought*)
Email: dschenck@dykema.com
Clay A. Cossé, T.A.
Louisiana Bar No. 30452
Email: ccosse@dykema.com
Alexandra M. Twiss, T.A.
TX Bar No. 24082511 (*pro hac vice being sought*)
Email: atwiss@dykema.com
Alexandria R. Rahn
Louisiana Bar No. 39097
Email: arahn@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Ste. 4200
Dallas, TX 75201
Telephone:  214.462.6400
Fax:  214.462.6401

ATTORNEYS FOR DEFENDANT
Tort Network LLC d/b/a Velawcity