UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS CARTER, III, individually and on behalf of others similarly situated | CASE NO: 2:23-cv-00949-CJB-DPC |
| VERSUS | JUDGE CARL J. BARBIER |
| MCCLENNY, MOSELEY & ASSOCIATES, PLLC; JAMES MCCLENNY; JOHN ZACHARY MOSELEY; H.WILLIAM HUYE; TORT NETWORK, LLC; and APEX ROOFING AND RESTORATION, LLC | MAGISTRATE DONNA PHILLIPS CURRAULT |

### BRIEF IN SUPPORT OF FEDERAL JURISDICTION UNDER CAFA

**NOW INTO COURT**, through undersigned counsel, comes defendant, **APEX ROOFING AND RESTORATION, LLC** ("Apex"), who, pursuant to an order directed to it by this Honorable Court[1] and with full reservation of all rights and defenses,[2] files this Brief in Support of this Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA").

**I.   THIS MATTER WAS REMOVED UNDER CAFA (AND NOT BASED ON DIVERSITY JURISDICTION)**

On March 16, 2023, one of the defendants, McClenny, Moseley & Associates, PLLC, removed this matter under CAFA.[3] The Class Action Fairness Act ("CAFA") found at 28 USC § 1332(d), gives district courts original jurisdiction over any civil action in which the matter in controversy

---

[1] *See* Rec.Doc 13.

[2] Apex affirmatively states that this Brief is filed without waiving, and specifically reserving all rights to its position in its Motion to Compel Arbitration (R. Doc. 3). Briefing on this issue was specifically requested by this Court and does not go to the merits of the allegations in this case. That this Brief does not waive Apex's arbitration rights is established by Fifth Circuit jurisprudence. See, e.g., Keytrade USA, Inc. v. Ain Temouchent M/V, 404 F.3d 891, 897–98 (5th Cir. 2005); In re Mirant Corp., 613 F.3d 584, 589 (5th Cir. 2010).

[3] *See* Rec.Doc. 1, paras. 1 and 13.

exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which *any* member of a class of plaintiffs is a citizen of a state different from any defendant.[4] *Notably, CAFA does not require complete diversity between the parties (as opposed to diversity jurisdiction which does have that requirement).*

The claims of the individual class members are aggregated to determine whether the amount in controversy requirement is satisfied.[5] CAFA jurisdiction, where appropriate, applies to any class action before or after the entry of a class certification order.[6]

Congress enacted CAFA in 2005 "to encourage federal jurisdiction over interstate class action lawsuits..."[7] CAFA "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court..."[8]

"The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction, *see e.g.,* Pub.L. No. 109–2, § 2(b)(2), 119 Stat. 4 ('providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction'), with only narrow exceptions."[9]

CAFA Federal Jurisdiction exists in this case because (1) the purported class exceeds 100; (2) any of the members of the proposed class have a different citizenship from any defendants; and (3) the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

---

[4] 28 U.S.C. §1332(d)(2)(A).
[5] 28 U.S.C. §1332(d)(6).
[6] 28 U.S.C. §1332(d)(8).
[7] *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F. 3d 793, 797 (5th Cir. 2007.
[8] *Westerfeld v. Indep. Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010).
[9] *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006).

## II. THIS COURT HAS FEDERAL JURISDICTION OVER THE STATE COURT FILED CLASS ACTION

### A. Plaintiffs filed an almost identical Class Action in the Southern District of Texas arguing that the Southern District of Texas has Jurisdiction under CAFA

On March 13, 2023 (the same date that this case was filed in state court), a proposed class action lawsuit styled "Monson et al v. McClenny Mosely & Associates et al" was filed in the Southern District of Texas against the same parties that are defendants in this lawsuit.[10] The plaintiffs' lawyers that filed the Southern District of Texas are the same plaintiff's lawyers that filed the instant suit. The allegations in the Southern District of Texas mirror the allegations in the instant matter.

The complaint filed in the Southern District of Texas by these same plaintiffs' lawyers alleges that the Southern District of Texas has subject matter jurisdiction under CAFA.[11] Thus, these plaintiffs' lawyers agree that the class allegations provide federal subject matter jurisdiction and there should be no opposition to this Court's jurisdiction.

### B. The Putative Class as Defined by the Amended Petition Exceeds 100 Members

First, the putative class exceeds 100 persons. The Petition alleges that "thousands of individuals…" were "harmed by these schemes…"[12]

### C. Minimal Diversity Under CAFA Is Satisfied

The Petition alleges that the named plaintiff, Mr. Carter, is domiciled in Tangipahoa Parish. Petition.[13] The Petition goes on to note that McClenny Mosely & Associates, PLLC has its principal business office in Texas, that James McClenny and John Zachary Moseley are domiciled

---

[10] *See* Exhibit A – Complaint for Class Action, Civil Action No. 4:23-cv-00928.

[11] *See* Exhibit A, paras 3-4.

[12] *See* Rec.Doc. 1-2, paras. 79 and 102.

[13] *See* Rec.Doc. 1-2, para. 1.

in Texas, Tort Network, LLC is an Arizona limited liability company, and that Apex Roofing and Restoration, LLC is an Alabama company.[14]

As the plaintiff is domiciled in Louisiana, a state that is not Texas, Arizona, or Alabama, the "minimal diversity" requirement has been met.

### D. The Jurisdictional Amount Under CAFA Is Satisfied

The amount in controversy requirement is met. Title 28 U.S.C. §1332(d)(6) states that, for purposes of determining "amount in controversy" under CAFA, the claims of the individual plaintiff are to be aggregated to determine whether the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs. A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332(d) is met when either 1) it is "facially apparent" from a reading of the complaint that the plaintiffs' claims are likely to exceed the applicable jurisdictional amount, or, 2) a removing attorney sets forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

Even assuming 1000 putative class members, if the allegations made by the plaintiffs seek over $2000 per 1000 putative class member, once that award is allegedly trebled, the $5 million threshold is exceeded. In addition to that amount, there is a claim for attorneys fees.

#### 1. Under CAFA, the amount in controversy is established by a preponderance of the evidence

The claims of the individual class members shall be aggregated to determine whether the amount in controversy requirement is satisfied.[15]

---

[14] *See* Rec.Doc. 1-2, para. 2.
[15] 28 U.S.C. §1332(d)(6).

In determining whether a jurisdictional amount has been proven, the question is not "whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."[16] The party asserting federal jurisdiction is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."[17] Instead, a party can present specific factual allegations establishing jurisdiction and can support those allegations with "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations."[18]

The showing of amount in controversy can be made by demonstrating that it is "facially apparent" that the claims are likely above the jurisdictional amount or by setting forth the facts in controversy that support a finding of the requisite amount.[19]

### 2. It is "facially apparent" from the Petition that the amount in controversy exceeds the CAFA's $5,000,000 jurisdictional minimum

To determine whether it is "facially apparent" from the complaint that the plaintiffs' claims are above the jurisdictional minimum, courts have evaluated "the size of the class, the type, duration and severity of the harm alleged, and types of compensatory damages sought."[20] Under these circumstances, the party need not prove the jurisdictional amount to a legal certainty. "It is enough that the [party] demonstrates that the plaintiffs claim more likely than not' meets the jurisdictional requirement."[21]

---

[16] *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009).

[17] *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 754 (11th Cir. 2010).

[18] *Id.*

[19] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[20] *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

[21] *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006).

Plaintiffs have alleged that the Defendants have engaged in various and unsupported "schemes" that involve thousands of individuals. Plaintiffs allege that McClenny, Moseley & Associates, PLLC paid $13,938,000 to Velawcity for at least 4628 clients.[22] Assuming an average of only $1081 per each of the 4628 purported class members, the $5,000,000 amount in controversy is met before the requested punitive damages, treble damages, and attorneys fees.

Further, plaintiffs do not limit their purported class to 4628 members. Plaintiffs suggest that the purported class may be as high as 15,000 class members.[23] If there are 15,000 class members as the plaintiffs suggest, then the average claim before penalties and attorneys fees need only be $334 to reach the $5,000,000 amount in controversy.

While Apex will vigorously defend this case as its actions have not caused any harm as the plaintiffs contend, the CAFA analysis is clear: the plaintiffs' state court petition in this matter set forth the facts in controversy that support a finding that the plaintiffs are putting more than $5,000,000 at issue.

Based on the class definition, the types of injuries alleged, and the damages sought, it is facially apparent that amount in controversy exceeds CAFA's $5,000,000 jurisdictional minimum. Accordingly, this Court has jurisdiction over this class action under CAFA.

### III. CONCLUSION

Federal jurisdiction exists under CAFA in this case because (1) the putative class exceeds 100; (2) at least one member of the proposed class has a different citizenship from at least one defendant; and (3) the amount in controversy exceeds $5,000,000.

---

[22] *See* Rec.Doc. 1-2, para. 60.
[23] *See* Rec.Doc. 1-2, para. 83.

Case 2:23-cv-00949-CJB-DPC   Document 20   Filed 05/03/23   Page 7 of 7

Respectfully submitted,

**MARTZELL, BICKFORD & CENTOLA**

*Lawrence J. Centola, III*
SCOTT R. BICKFORD (La Bar Roll No. 1165)
LAWRENCE J. CENTOLA, III (La Bar Roll No. 27402)
SPENCER R. DOODY (La Bar Roll No. 27795)
338 Lafayette Street
New Orleans, Louisiana 70130
Telephone: (504) 581-9065
Facsimile: (504) 581-7635
Email:      srb@mbfirm.com
            ljc@mbfirm.com
            srd@mbfirm.com

and

Peter J. Butler, Jr. (La Bar Roll No. 18522)
Richard G. Passler (La Bar Roll No. 21006)
Kayla M. Jacob (La Bar Roll No. 39919)
**BREAZEALE, SACHSE & WILSON, LLP**
BankPlus Tower, Suite 1500
909 Poydras Street
New Orleans, Louisiana 70112-4004
Main Phone:  (504) 584-5454 / (504) 619-1800
Fax Number:  504-584-5452
Email:       peter.butler.jr@bswllp.com
             richard.passler@bswllp.com
             kayla.jacob@bswllp.com

*Counsel for Apex Roofing and Restoration, LLC*

7

4762760.v1